Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff Lauren Schaubach*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lauren Schaubach, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PARKMOBILE LLC, PARKMOBILE USA, INC., and DOES 1-10 Inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of the California Consumer Privacy Act § 1798.150;<br>(2) Negligence<br><br>**Jury Trial Demanded** |

Plaintiff Lauren Schaubach ("Plaintiff"), individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This action arises out of a violation of the California Consumer Privacy Act of 2018 ("CCPA"), Cal. Civ. C. § 1798 et. seq., arising out of a data breach and the exposure of millions of Californians' personal identifying information collected by Defendants ParkMobile, LLC and Parkmobile USA, Inc. ("Defendants"), in violation of Cal. Civ. C. § 1798.150.

## JURISDICTION AND VENUE

2. This class action is brought pursuant to Federal Rule of Civil Procedure 23.

3. This matter is properly venued in the United States District Court for the Central District of California, in that Defendants do business in the Central District of California. A substantial portion of the events giving rise to Defendants' liability took place in this district.

4. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

5. In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a California class of consumers against non-California companies,

establishing minimum diversity.

## THE PARTIES

6. Plaintiff LAUREN SCHAUBACH is a citizen and resident of the State of California, County of Orange and is a consumer as laid forth in Cal. Civ. C. § 1798.150.

7. Defendant Parkmobile, LLC is a Delaware limited liability company that does business in California, including in Orange County, that is incorporated in Delaware and has its headquarters in Atlanta, Georgia.

8. Defendant Parkmobile USA, Inc. is a Delaware company that does business in California, including in Orange County, that is incorporated in Delaware and has its headquarters in Atlanta, Georgia.

9. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

10. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

11. At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

12. On or about March 2021, Defendants were hacked via a third-party software vulnerability and tens of millions of data records were exposed ("the Breach").

13. Defendants operate ParkMobile.io and its related app ("ParkMobile.io"). These services allow individuals, such as Plaintiff, to find, reserve, and pay for parking services for their vehicles. Defendants have thousands of listings for parking spots within the State of California for which they sell reservations for.

14. In order to use Defendants' app, a customer must enter in significant personally identifiable information ("PII") such as a first name, last name, email address, password, home address, telephone number, and license plate number. Users of ParkMobile.io trust that their PII will be maintained in a secure manner and kept from unauthorized disclosure to third parties as required by the law.

15. Additionally, Defendants allow users to create and use accounts for ParkMobile.io. Defendants use a combination of email or phone number plus password for access to such accounts.

16. Defendants have not issued a disclosure as required by Cal. Civ. C. § 1798.82 as of the date of filing and instead the news of such Breach was broken by multiple news sources rather than the companies themselves, who released non-compliant news releases after the fact.

17. PII including the full names, email addresses, phone numbers, license plate numbers, addresses, and passwords were revealed and exposed by Defendants a result of the hack.

18. This PII, except passwords, were not stored in a hashed or otherwise secured format.

19. The Breach exposed Defendants' customer PII which is protected by

the CCPA. "Personal information" is defined by Cal. Civ. C. § 1798.81.5 as:

> "an individuals first name or first in initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted: . . .
>
> > (ii) Driver's license number, California identification card number, tax identification number, passport number, military identification number, or other unique identification number issued on a government document commonly used to verify the identify of a specific individual."

20. Here, unredacted names were revealed along with both unique identification numbers, such as license plate numbers.

21. When nonencrypted and nonredacted personal information as defined in Cal. Civ. C. § 1798.81.5 is subjected to unauthorized access and exfiltration, theft, or disclosure by a company that has failed to maintain reasonable security measures, the CCPA provides for a private cause of action pursuant to Cal. Civ. C. § 1798.150 that authorized litigations to bring individual or class action claims.

22. This right may not be waived or limited and any such waiver is contrary to public policy, void, and unenforceable pursuant to Cal. Civ. C. § 1798.192.

23. Defendants have failed to maintain reasonable security controls and systems appropriate for the nature of the PII they maintain as required by the CCPA. The information was stored in an unencrypted format. This failure exposed consumers, such as Plaintiff, to unreasonable risk and now harm as a result of such failure and the exposure of their PII.

24. Defendants also failed to maintain proper measures to detect hacking and intrusion. Defendants should have had breach detection protocols in place such that they could have alerted consumers significantly earlier.

25. Because Defendants failed to maintain reasonable security measures and disclosed their customers' unencrypted names in combination with identification numbers, they have explicitly violated the CCPA.

26. Additionally, the CCPA is violated when an email address in combination with a password that would permit access to the account is subjected to unauthorized access and exfiltration, theft, or disclosure by a company, regardless of whether such information is encrypted or hashed. As a result of the Breach, Plaintiff's password as exfiltrated along with her email address which would allow access to her account.

27. Defendants disregarded the privacy rights of Plaintiff and similarly situated consumers over their PII by failing to implement reasonable security safeguards to prevent or timely detect a Breach, failing to detect the Breach when or after it occurred, failing to disclose to customers that it did not implement such reasonable security safeguards, and failing to provide sufficiently prompt, thorough, and accurate notice and information about the Breach.

28. As a result of the Breach, Plaintiff and Class Members have been injured in several ways because they face an imminent and ongoing risk of identity theft and similar cyber crimes, will expend time and money to protect against such cybercrimes, and did not receive the benefit of their bargain with respect to data privacy.

29. Accordingly, Plaintiff and Class Members are entitled to actual and statutory damages under the CCPA and other laws and declaratory, injunctive, and equitable relief necessary to protect their PII.

**CLASS ACTION ALLEGATIONS**

30. Plaintiff brings this action, individually and on behalf of all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

31. Plaintiff seeks to represent a Class (the "Class") defined as follows:

> All consumers in California whose PII or email addresses and passwords were compromised in the Breach.

32. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

33. Excluded from the Class is Defendants, their affiliates, employees, agents, attorneys, and the Court.

34. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

35. Upon information and belief, the proposed Class is composed of hundreds of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

36. No violations alleged in this complaint are contingent on any individualized interaction of any kind between Class Members and Defendant.

37. Rather, all claims in this matter arise from the same exposure of PII from the Breach and Defendants' failure to take reasonable actions to prevent such data breach.

38. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

> (a) Whether Defendants failed to prevent Plaintiff and Class Members' PII or email addresses and passwords from unauthorized access and exfiltration, theft, or disclosure as a result of Defendants' failure to implement and maintain reasonable security procedures and practices appropriate to the nature of the information;
>
> (b) Whether Defendants violated Cal. Civ. C. § 1798.150;

   (c) Whether Defendants were negligent in the handling of Plaintiff and the Class Members' PII or email addresses and passwords;

   (d) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief; and

   (e) The method of calculation and extent of damages for Plaintiff and Class Members.

39. Plaintiff is a member of the Class she seeks to represent.

40. The claims of Plaintiff are not only typical of all Class Members, they are identical.

41. All claims of Plaintiff and the Class are based on the exact same legal theories.

42. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

43. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff suffered the same harm from having her PII and email addresses and passwords exposed as the Class. Defendant's unlawful actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff's claims are typical of all Class Members as demonstrated herein.

44. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent herself and the Class.

45. Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violation of the CCPA
### (Cal. Civ. C. § 1798.150)

46. Plaintiff incorporates by reference each allegation set forth above.

47. As described above, Plaintiff and the Class's nonencrypted and nonredacted PII and email addresses and passwords were subject to an unauthorized access and exfiltration, theft, or disclosure as a result of Defendants' violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect that personal information.

48. Defendants are each corporations organized or operated for the profit or financial benefit of their owners with annual gross revenues over $25 million.

49. Defendants violated Cal. Civ. C. § 1798.150.

50. Plaintiff does not seek a claim for Defendant's failure to provide notice in compliance with the CCPA.

51. On May 4, 2021, Plaintiff provided Defendants with written notice identifying the specific provisions of the CCPA the consumer alleges to have been violated. Defendants has responded to the letter, but in its response did not provide an express written statement that the violation has been cured and no further violation shall occur. Defendants also did not actually cure the violation.

52. Over thirty (30) days have elapsed since Plaintiff served written notice pursuant to Cal. Civ. C. § 1798.150 on Defendants and therefore a claim for statutory damages under the CCPA may be brought.

53. Plaintiff and the Class seek all relief possible under Cal. Civ. C. § 1798.150(a) including, but not limited to, actual damages, damages in amount not less than $100 and not greater than $750 per consumer per incident, injunctive or declaratory relief, and any other relief the Court deems proper, including attorney's fees and costs pursuant to Cal. C. Civ. Proc. § 1021.5.

## SECOND CAUSE OF ACTION

### Negligence

54. Plaintiff incorporates by reference each allegation set forth above

herein.

55. Defendants owed Plaintiff and Class Members a duty to exercise reasonable care in protecting their PII and passwords from unauthorized disclosure or access.

56. Defendants breached their duty of care by failing to implement reasonable security procedures and practices to protect Plaintiff and Class Members' PII and passwords.

57. Plaintiff and the Class have suffered and continued to suffer harm from the exposure of their PII and passwords by Defendants' breach of their duty, which is a foreseeable harm caused by such breach.

58. But for Defendants' breach of their duty of care, the Breach would not have occurred, and Plaintiff and Class Members' PII would not have been accessed and exposed.

## MISCELLANEOUS

59. Plaintiffs and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

60. Plaintiff request a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

61. Plaintiff, on behalf of herself and the Class, request the following relief:

    (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b) An order certifying the undersigned counsel as Class Counsel;

    (c) An order requiring Defendants, at their own costs, to notify all

1   Class Members of the unlawful conduct herein;
2   (d) Actual damages suffered by Plaintiffs and Class Members;
3   (e) Punitive damages, as allowable, in an amount determined by
4   the Court or jury;
5   (f) Any and all statutory enhanced damages;
6   (g) All reasonable and necessary attorneys' fees and costs provided
7   by statute, common law or the Court's inherent power;
8   (h) Pre- and post-judgment interest; and
9   (i) All other relief, general or special, legal and equitable, to which
10   Plaintiff and Class Members may be justly entitled as deemed
11   by the Court.

Dated:  June 10, 2021          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: /s Todd. M. Friedman
    TODD M. FRIEDMAN, ESQ.
    Attorney for Plaintiff Lauren Schaubach